**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|   |   |   |
|---|---|---|
| | } | |
| In re: Norris Subdivision Application | } | Docket No. 159-8-05 Vtec |
| (Appeal of Madden) | } | |
| | } | |

**Decision on Pending Motions for Summary Judgment**

Neighbor John Madden appealed from a decision of the Town of New Haven (Town) Planning Commission dated July 7, 2005, granting final plat subdivision approval to Applicants Peter Norris, Sr. and Dolores Norris for a proposed major subdivision to be located on the westerly side of Ethan Allen Highway (U.S. Route 7). Mr. Madden (hereinafter referred to as Appellant) represents himself; Applicants are represented by Donald R. Powers, Esq.; and the Town is represented James H. Ouimette, Esq. Appellant and Applicants have filed cross-motions for summary judgment; the Town has filed a memorandum in support of Applicants' motion.

**Factual Background**

The record in this <u>de</u> <u>novo</u> proceeding reveals the following undisputed facts that are material to our determination of the pending motions:

1. On July 7, 2005, the Town of New Haven Planning Commission held a warned public hearing at which it reviewed and voted to approve the subdivision application of Peter Norris, Sr. and Dolores Norris for a proposed major subdivision to be located on the westerly side of Ethan Allen Highway (U.S. Route 7). The vote to approve the subdivision application contained a condition that all utilities be installed underground.

2.     The July 7 public hearing was on the Norrises' subdivision application only.  No application had been made as of the July 7 hearing for site plan or use approval.

3.     The July 7 public hearing was noticed by the Zoning Administrator through publication on June 10, June 23, June 30, and July 7 in the Addison Independent, a newspaper of general publication in the town of New Haven.  The published notice announced the location, date, time, and purpose of the public hearing, which was to review several applications, including the following: "Peter Norris wishes to subdivide his land on the west side of Ethan Allen Highway.  This will be the final plat hearing of a major subdivision.  SUB 1-05"

4.     On June 15, 2005, the Zoning Administrator caused the information contained in the published notice to be posted at the Town of New Haven Town Hall, the Village Green Market, and the Town of New Haven Post Office, all public places within the Town of New Haven.

**Discussion**

Appellant John Madden attended and participated at the July 7, 2005 public hearing.  At the hearing, Appellant asked that the Planning Commission give serious consideration to the impact of the proposed subdivision on traffic and scenic resources. Appellant also referred to recently passed changes to Act 117, noting that the new statute, 24 V.S.A. § 4464(a)(1) (2005), altered the old notice provisions found in 24 V.S.A. § 4447 (2003).  These statutory changes, once implemented, would require that notice of hearings on development review applications be posted in three places, including within view of the public-right-of-way most nearly adjacent to the property for which an application is made.

The Town's Subdivision Regulations (Regulations) in effect at the time of the public hearing required "public notice according to Section 4447 of the Act" for such

hearings, Regulations § 260.5. Planning Commission member Allen Karnatz immediately, and correctly, informed Appellant that the new statute would not take effect, and thereby supersede and invalidate inconsistent municipal regulations, until September 1, 2005.[1] The notice requirements in effect at the time of the July 7, 2005 public hearing therefore were not those requirements found in 24 V.S.A. § 4464 (2005), but rather consisted of those requirements found in 24 V.S.A. § 4447(a)(1–2) (2003), which were incorporated by reference into the Regulations at § 260.5. The applicable statutory provisions read in pertinent part as follows:

> (a) Any public notice required for public hearing under this chapter shall be given not less than 15 days prior to the date of the public hearing by:
>
> > (1) the publication of the date, place and purpose of the hearing in a newspaper of general publication in the municipality affected;
> >
> > (2) the posting of the same information in one or more public places within the municipality[.]"

24 V.S.A. § 4447(a)(1–2) (2003).

The Zoning Administrator complied with the applicable notice requirements, and indeed went beyond the applicable notice requirements by providing notice as to the time of the hearing, and by posting the information in three public places.

Nevertheless, Appellant filed this appeal, citing in his motion for summary judgment the new notice requirements found in 24 V.S.A. § 4464 (2005). As discussed above, the new notice requirements were not in effect at the time of the July 7, 2005 public hearing. Thus, the notice provided complied with the applicable statutory and ordinance requirements. Appellant's allegations that the notice provided was

---

[1] See Appeals of Harrison, Docket Nos. 110-6-04 Vtec and 44-2-05 Vtec, slip op. at 8 (Vt. Envtl. Ct., November 29, 2005) ("While the state statute changed as of July 1, 2004, under 24 V.S.A. § 4481, existing municipal bylaws that are inconsistent with the new statute were not superseded by the state statute until September 1, 2005, and then only to the extent that they may be inconsistent with changes found in sections codified as 24 V.S.A §§ 4412, 4413, and 4440 through 4476 of the new statute.").

inadequate and failed to comply with the then applicable statutory requirements are without factual foundation and are of no legal merit.

Appellant also asserts that the "public and published notice did not accurately describe the location of the property or proposed change in land use (agricultural to shopping center)." The published and public notices, which appear to be identical in content, identified the property through the statement "Peter Norris wishes to subdivide his land on the west side of Ethan Allen Highway. This will be the final plat hearing of a major subdivision. SUB 1-05" The notice thus identified the property by owner, rough location, and subdivision application number. There is no indication of any confusion regarding the location of the proposed subdivision. Furthermore, there is no requirement in the applicable statute (24 V.S.A. § 4447 (a)(1-2) (2003)) that the public or published notice identify the precise location of a proposed subdivision.

As to Appellant's assertion that the notice did not address the proposed change in land use, we note that potential future uses were not the subject of the noticed hearing. Possible future uses are not appropriate for consideration when an applicant, as here, has applied solely for subdivision review. See In re Taft Corners Assocs., 171 Vt. 135, 141 (1991) ("subdivision review is not intended to police prospective uses of the subdivided lots"). Therefore, Appellant's motion seeking a remand based on purported defects regarding the noticing of the July 7, 2005 public hearing must be denied.

While Appellant's statement of questions asks whether "the proposal [is] in accord with the policies, purposes, or terms of the Town Plan and Bylaws of New Haven," Appellant makes no argument on this point, except for two unsupported assertions. First, in his response to Applicants' motion for summary judgment, Appellant states that the "proposed SUB 1-05 threatens public (and my) safety, and will cause harm to the Vermont (and my) environment . . . ." Second, in his "Memorandum for Clarification," Appellant states that the "proposed subdivision is not in accord with

the policies, purposes, or terms of the plan or bylaw(s) of New Haven, threatens public (and my) safety, and will cause harm of [sic] the Vermont (and my) environment . . . ."

Neither of these two assertions is supported by any facts or argument as to how the proposed subdivision threatens safety, causes harm to the environment, or fails to conform to the Town plan or Bylaws of the Town of New Haven. Appellant appears to intend, through these assertions, to cement his status as an interested person with the right to bring an appeal, as the above language parrots the language 24 V.S.A. § 4465 defining the term "interested person." While Appellant's assertions may be sufficient to defend against an anticipated (but unrealized) attack on Appellant's standing as a proper appellant, they are insufficient, without more factual foundation, to create a genuine issue of material fact in the context of the pending motions for summary judgment. If these assertions are intended to raise actual substantive issues regarding the validity of the decision below, they must be dismissed for being inadequately briefed.

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Appellant's Motion for Summary Judgment is **DENIED**, and Applicant's Motion for Summary Judgment is **GRANTED**, thereby concluding this appeal. The July 7, 2005 Decision of the New Haven Planning Commission is hereby affirmed. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont this 19th day of June, 2006.

_____
Thomas S. Durkin, Environmental Judge